**Shufang LIN, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–71133.

Agency No. A75–765–375.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 2, 2004.*

Decided Jan. 3, 2005.

---

1. We grant the requests for judicial notice filed by E. Pierce Marshall and Vickie Lynn Marshall.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Brenton C. Young, Law Offices of Scott Ryan, Alhambra, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Christopher C. Fuller, John D. Williams, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before REINHARDT, WARDLAW, and PAEZ, Circuit Judges.

## MEMORANDUM**

Shufang Lin, a native and citizen of the People's Republic of China, petitions for review of the Board of Immigration Appeals' (BIA) decision affirming the Immigration Judge's (IJ) denial of her applications for asylum under § 208 of the Immigration and Nationality Act (INA), withholding of removal under § 241(b)(3) of the INA, withholding of removal under Article 3 of the Convention Against Torture, and voluntary departure. Lin claimed persecution on account of her political opinion, membership in a particular social group, and religion as a result of her practice of Zhong Gong. We have jurisdiction under 8 U.S.C. § 1252. We grant the petition for review and remand for further proceedings.[1]

Where, as here, the BIA affirms the IJ's decision without an opinion, we review the IJ's decision as the final adjudication. *See Falcon Carriche v. Ashcroft,* 350 F.3d 845, 851 (9th Cir.2003). "We review adverse credibility determinations under the substantial evidence standard." *Hoque v. Ashcroft,* 367 F.3d 1190, 1194 (9th Cir. 2004). "To determine whether substantial evidence supports the IJ's credibility finding, we evaluate each ground cited by the IJ for his finding." *Ding v. Ashcroft,* 387 F.3d 1131, 1137 (9th Cir.2004). We agree with Lin that substantial evidence does not support the IJ's adverse credibility determination.

First, "[t]his Court [will] reverse[ ] an adverse credibility determination that is based on 'speculation and conjecture' and is not supported by evidence in the record." *Salaam v. INS,* 229 F.3d 1234, 1238 (9th Cir.2000) (per curiam). Here, the IJ concluded that "it makes no sense" that petitioner obtained an Indonesian visa and that she was able to obtain a passport when she was being watched by the police. However, Lin explained why and how she obtained the Indonesian visa and the passport and no evidence in the record contradicted her explanations. *See Bandari v. INS,* 227 F.3d 1160, 1167–68 (9th Cir.2000) (holding that the IJ impermissibly relied

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Because the parties are familiar with the facts of the case, we recite them only as necessary to explain our disposition.

upon personal beliefs and conjecture when the IJ expressed her disbelief that the German government would have allowed the petitioner to attend college with no evidence supporting the IJ's belief).

█ Similarly, the IJ erred in concluding that Lin could have practiced Zhong Gong safely in the privacy of her home in China. Lin explained that while practicing Zhong Gong in her home after her June 2000 arrest was a possibility, she feared that the police would intrude into her home to investigate. Further, without supporting evidence, the IJ impermissibly concluded that Lin's belief in Zhong Gong was insincere because Lin had not joined a Zhong Gong group in the United States. *See Mejia–Paiz v. INS*, 111 F.3d 720, 724 (9th Cir.1997) (stating that the fact that the asylum applicant asserted that he was a Jehovah's Witness yet was willing to swear under oath before an IJ is, standing alone, "an inadequate basis for an adverse credibility finding"). In addition, the IJ impermissibly relied on personal conjecture when she cited the following grounds in support of the adverse credibility determination: that Lin did not know Zhong Gong was illegal in China until after she was arrested; that Lin did not plan for transportation and accommodations before she arrived in the United States; and that Lin did not know the circumstances of her father's death. These factual determinations, which were based upon speculation and personal beliefs, cannot support the IJ's adverse credibility determination. *See Bandari*, 227 F.3d at 1167.

█ Second, the grounds cited for an adverse credibility determination must relate to the heart of the asylum claim. *See Chebchoub v. INS*, 257 F.3d 1038, 1043 (9th Cir.2001). " 'Minor inconsistencies that reveal nothing about an asylum applicant's fear for [her] safety are not an adequate basis for an adverse credibility

finding.' " *Kaur v. Ashcroft*, 379 F.3d 876, 884 (9th Cir.2004) (alteration in original) (quoting *Osorio v. INS*, 99 F.3d 928, 931 (9th Cir.1996)). Here, Lin's testimony that she did not bring her son to the United States and that she did not use birth control did not detract from her claim that she was persecuted. Similarly, the finding that Lin's professional achievements were unusual given her low education level does not go to the heart of her asylum claim. Thus, these grounds cannot support the IJ's adverse credibility determination.

█ Third, "[a]n adverse credibility finding is not based on substantial evidence when '[t]he BIA [or the IJ] did not comment on [an applicant's] explanation, nor suggest any reason that it found [her] explanation not credible.' " *Guo v. Ashcroft*, 361 F.3d 1194, 1201 (9th Cir.2004) (alteration in original) (quoting *Garrovillas v. INS*, 156 F.3d 1010, 1013 (9th Cir.1998)). Here, the IJ erred by failing to consider the "reasonable and plausible explanation[s]" for the inconsistencies in Lin's testimony. *See id.* For instance, the IJ failed to address Lin's explanation for why she testified that she had no contact with the other individuals who were arrested with her in June 2000 when in fact she had. Lin explained that she first testified that she did not have contact with the other arrested individuals because the communication with them was discreet and in secret. The IJ did not address this explanation.

Lin similarly clarified that when she first testified that she had to report to the police after the March 2000 arrest, which was not the case, she had mistakenly thought that she was being asked about the June 2000 arrest, after which she did have to report to the police. The IJ did not adequately consider this explanation. Further, Lin testified that she was a

Zhong Gong instructor, not a tutor, and explained that as an instructor she helped communicate and organize, not lead the practice and therefore did not need to practice all eight levels of Zhong Gong. The IJ failed to explain why this explanation was not credible.

Next, the IJ also cited several grounds for her credibility determination that were not supported by the record and cannot form the basis for the IJ's ruling. Lin's initial description of Zhong Gong as a religion and her later explanation of it as a belief system were not inconsistent statements. Nor was Lin's testimony inconsistent when she described the events after her arrest in March 2000. Lin simply responded with greater detail when she was specifically asked about being "locked up."

■ Also, contrary to the IJ's conclusions, the record establishes that the Chinese government did in fact interfere with Lin's business and that she was able to fly to Guan Toa in one day without violating her duty to report to the police. Similarly, the discrepancy between Lin's consistent testimony that she started practicing Zhong Gong in October 1994 and the asylum officer's notation that she began practicing in 1995 was a "discrepancy . . . capable of being attributed to a typographical or clerical error, [and] it [therefore] cannot form the bases of an adverse credibility finding." *Shah v. INS*, 220 F.3d 1062, 1068 (9th Cir.2000); *see also Bandari*, 227 F.3d at 1166 (holding that "[a]ny alleged inconsistencies in dates that reveal nothing about a petitioner's credibility cannot form the basis of an adverse credibility finding").

■ Finally, the IJ cited Lin's nervous demeanor as a ground for her adverse credibility finding. The IJ's conclusion that Lin "was anxious, nervous, groping for answers when confronted with implau-sible or inconsistent statements, or asked for explanations" did not cite to specific portions of Lin's testimony or examples of questionable demeanor. Although "we grant special deference to the IJ's eyewitness observations regarding demeanor evidence," *Mendoza Manimbao v. Ashcroft*, 329 F.3d 655, 662 (9th Cir.2003), because the IJ did not articulate "specific, cogent reason[s]" for concluding that Lin's demeanor was not credible, this finding cannot support the adverse credibility determination. *See Abovian v. INS*, 219 F.3d 972, 979 (9th Cir.2000). Additionally, the record indicates that the disjointed nature of parts of Lin's testimony was possibly the result of mistranslation or miscommunication, which is not a sufficient basis for an adverse credibility finding. *See Akinmade v. INS*, 196 F.3d 951, 956 (9th Cir. 1999).

In sum, the IJ's adverse credibility finding was not supported by substantial evidence. Accordingly, we grant the petition for review and remand to the BIA for a determination of whether, accepting Lin's testimony as credible, she is eligible for asylum, withholding of removal, protection under the Convention Against Torture, and voluntary departure. *See INS v. Ventura*, 537 U.S. 12, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002).

PETITION GRANTED AND RE-MANDED.